SCHWERIN v. NORTH PAC. C. R. Co.

*(District Court, N. D. California. October 22, 1888.)*

SHIPPING—CARRIAGE OF PASSENGERS—NUMBER—PENALTY—FERRY-BOAT.
    Rev. St. U. S. §§ 4464–4466, respecting the number of passengers that may lawfully be carried by a passenger steamer, have no application to a ferry-boat, though temporarily employed as an excursion boat.

At Law. On demurrer to complaint.

Action by H. W. Schwerin against the North Pacific Coast Railroad Company to recover the penalty prescribed by section 4465, Rev. St. U. S., for carrying on its steamer passengers in excess of the number stated in the certificate of inspection.

*Milton E. Babb*, for complainant.

*Page & Eells*, for defendant.

HOFFMAN, J. The complaint in this case is filed by an informer seeking to recover certain penalties imposed by sections 4464, 4465, Rev. St. U. S., for violations of their provisions. The violations complained of are alleged to have been committed by the steamer Tamálpais, a regularly licensed ferry-boat, plying between this port and Sausalito. She was, however, frequently employed as an "excursion boat," and on such occasions procured from the inspectors a permit specifying the number of passengers she was authorized to carry, the number and kind of life-saving apparatus, etc., to be carried, and the route and distance for such excursions. These permits were issued, it is presumed, under the supposed authority of section 4466. It is contended that on one of these excursions she carried more passengers than was allowed by the permit. Sections 4464 and 4465 are as follows:

"Section 4464. The inspectors shall state in every certificate of inspection granted to steamers carrying passengers, other than ferry-boats, the number of passengers of each class that any such steamer has accommodations for, and can carry with prudence and safety.

"Sec. 4465. It shall not be lawful to take on board of any steamer a greater number of passengers than is stated in the certificate of inspection;

and for every violation of this provision the master or owner shall be liable, to any person suing for the same, to forfeit the amount of the passage money and ten dollars for each passenger beyond the number allowed."

By section 4469 this penalty is declared to be a lien upon the vessel. It is evident that these sections have no application to ferry-boats, when employed as such; and, in fact, the certificate issued to a boat of that class contains no statement of the number of passengers she is entitled to carry. But it is contended that the steamer Tamalpais, by forsaking her ferry-route, and engaging in the carrying of passengers "on excursions," ceased *pro hac vice* to be a ferry-boat, and became subject to the provisions of law intended to secure the safety of passengers taken on board "steamers carrying passengers." That they ought to be subjected to those provisions cannot be doubted. But there is much difficulty in applying the provisions of the sections I have quoted to ferry-boats which, on occasions more or less rare, are used in carrying passengers on excursions, but which ordinarily and habitually are employed only as ferry-boats. The provisions with regard to passenger steamers engaging in excursions are contained in section 4466, and are as follows:

"If any passenger steamer engages in excursions, the inspectors shall issue to such steamer a special permit, in writing, for the occasion in which shall be stated the additional number of passengers that may be carried, and the number and kind of life-saving appliances that shall be provided for the safety of such additional passengers; and they shall also, in their discretion limit the route and distance for such excursions."

It will be noted that this section does not (except by implication) forbid the carrying of passengers on excursions in excess of the number allowed by the certificate of inspection *plus* the number of additional passengers allowed by the "special permit in writing." Nor does the section impose, as does the preceding section, any penalty or forfeiture for a violation of its provisions. Section 4469 declares the penalties imposed by section 4465 (which forbids the carrying of a greater number of passengers than is stated in the certificate of inspection) to be a lien on the vessel, but it makes no mention of any penalties or liabilities incurred by carrying a greater number of additional passengers than that allowed in the special permit for excursions. Sections 4464, 4465, and 4466, by their terms, or by necessary construction, apply exclusively to "steamers carrying passengers," or passenger steamers "other than ferry-boats;" and the certificates of inspection issued to those vessels are required to state the number of passengers such steamer can safely carry. Section 4465 declares the penalty incurred by taking on board more passengers than is stated in the certificates of inspection. When engaged in excursions, the "passengers steamers" may obtain a special permit for the excursion, in which shall be stated the additional number of passengers that may be carried on the excursion, etc. Additional to what? Plainly additional to, or in excess of, the number stated in the certificate of inspection. But the certificates of inspection issued to ferry-boats do not, and are not required to, state any number of passengers they are entitled to carry. How, then, if engaged in excursions, can they be said

to have carried any greater number of passengers than is stated in their certificates of inspection, or, if a permit has been obtained, any number of passengers greater than the number mentioned in the permit as additional to the number stated in the certificate of inspection?   It is plain, I think, that these sections cannot be applied to ferry-boats carrying on excursions a greater number of passengers than that authorized by their permits.   A law authorizing permits to be issued to ferry-boats, and perhaps tug-boats and freight-boats, engaged on excursions, specifying the number of passengers they are entitled carry, and imposing penalties for its violation, might be desirable and salutary   But I am unable to see how the section of the Revised Statutes under which this action is brought can be made to reach the case.   It is said that a ferry-boat, licensed only as such, when engaged on excursions, becomes *pro hac vice* a passenger boat.   If this be so, the ferry-boat so engaged may possibly be considered as employed without having a license in force.   Section 4324 provides that "no license granted to any vessel shall be considered in force * * * for carrying on any other business or employment than that for which she is specially licensed."   But this point it is unnecessary to consider, as this suit is not brought for any such violation of law, but for the penalty imposed by section 4465 of the Revised Statutes.   The demurrer is sustained.